■ EXCHANGE BUFFET CORPORATION, Appellant, v BROADWAY REALTY COMPANY, Respondent.—Order, Supreme Court, New York County, entered on December 12, 1975, unanimously affirmed on opinion of Gabel, J., at Trial Term, without costs and without disbursements. Concur—Murphy, J. P., Birns, Capozzoli, Lane and Nunez, JJ.

■ M. LOWELL HARMAN, Appellant, v OCG TECHNOLOGY, INC., Respondent.—Judgment, Supreme Court, New York County, entered on October 14, 1975, unanimously affirmed for the reasons stated by Postel, J., at Special Term, and that the respondent recover of the appellant $60 costs and disbursements of this appeal. Concur—Kupferman, J. P., Lupiano, Birns, Silverman and Nunez, JJ.

■ KARIKAN PIZZA, INC., Appellant, v VILLAGE VOICE, INC., et al., Respondents.—Order, Supreme Court, New York County, entered on September 24, 1973, unanimously affirmed for the reasons stated at Special Term, without costs and without disbursements. Concur—Markewich, J. P., Murphy, Silverman, Capozzoli and Lane, JJ.

■ DOMINGO HERNANDEZ et al., Respondents, v CITY OF NEW YORK, Appellant, and RHUEL CLEARE, Respondent.—Judgment, Supreme Court, Bronx County, entered on October 17, 1974, in favor of plaintiffs, after a jury trial, in the total sum of $204,638.12, unanimously affirmed. Plaintiffs-respondents shall recover of appellant $60 costs and disbursements of this appeal. The evidence adduced in support of plaintiffs' case supports the verdict on the issues of liability and damages. On the instant record we cannot conclude, as appellant contends, that the alleged misconduct of plaintiffs' counsel deprived the city of a fair trial and affected the result reached. In such connection, we note that the principal improprieties now asserted were not objected to below, nor was a mistrial requested. Concur—Markewich, J. P., Murphy, Lupiano, Birns and Capozzoli, JJ.

■ RACHEL ZACHARIA, Respondent, v KAYSER-ROTH CORPORATION, Successor by merger of Colonial Corporation of America, Appellant, et al., Defendant.—Order, Supreme Court, New York County, entered on December 31, 1975, *inter alia,* denying defendant Kayser-Roth Corporation's cross motion for permission to take the depositions of plaintiff and three witnesses, unanimously reversed, on the facts and in the exercise of discretion, and the cross motion granted. Appellant shall recover of respondent $40 costs and disbursements of this appeal. The record indicates that appellant's former house counsel, who had been in charge of this litigation since its inception, suffered from a severe psychological illness and that he totally neglected all pretrial procedures herein. It appears further that he concealed the status of this action from his superiors, misinforming them concerning its progress and taking steps on appellant's behalf which were never authorized. The demonstration of such extraordinary circumstances warrants granting pretrial discovery, even at this late date. Concur—Lupiano, J. P., Birns, Capozzoli, Lane and Nunez, JJ.